# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-0044V

| | |
|---|---|
| HENRY KARSEN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 27, 2025 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Nathaniel Trager, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION ON DAMAGES**[1]

On January 10, 2025, Henry Karsen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of a tetanus vaccine received on October 5, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 17, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On August 21, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $92,845.00 (representing $92,500.00 for pain and suffering, and $345.00 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a). Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

HENRY KARSEN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 25-44V
Chief Special Master Brian H. Corcoran
ECF

## PROFFER ON AWARD OF COMPENSATION[1]

On January 10, 2025, Henry Karsen (petitioner) filed a petition for compensation (petition) under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* (Act). He alleges that he sustained a shoulder injury related to vaccine administration (SIRVA), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, following receipt of a tetanus vaccine administered on October 5, 2023. *See* Petition at 1. On July 17, 2025, the Secretary of Health and Human Services (respondent) filed a Vaccine Rule 4(c) report, concluding that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. *See* ECF No. 17. On July 17, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation. *See* ECF Nos. 19 and 20.

### I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

  A. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$92,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

  B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$345.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.** <u>**Form of the Award**</u>

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$92,845.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Henry Karsen.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        COLLEEN C. HARTLEY
        Assistant Director
        Torts Branch, Civil Division

        <u>s/ NATHANIEL M. TRAGER</u>
        NATHANIEL M. TRAGER
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 305-3912
        Nathaniel.Trager@usdoj.gov

Dated: August 21, 2025